UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARR MOORE,

        Plaintiff,

                                            CASE NO. 2:09-CV-10222
v.                                               HONORABLE GERALD E. ROSEN

NATHAN VANTIFFLIN, et al.,

        Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

**I.   Introduction**

The Court has before it Plaintiff Leonarr Moore's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983.  This Court has granted his application to proceed without prepayment of the filing fee.  *See* 28 U.S.C. § 1915(a).  Plaintiff appears to be a pre-trial detainee currently confined at the Saginaw County Jail in Saginaw, Michigan.  In his complaint, he asserts that the police illegally searched an apartment in Saginaw, Michigan and that he is being held in violation of his Fourth Amendment rights.  Plaintiff names Police Detective Nathan VanTifflin and Prosecutor George Best as the defendants in this action.  He seeks "relief for the violation of [his] fourth amendment rights" and monetary damages.  Having reviewed the complaint, the Court dismisses it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.  The Court also concludes that an appeal of this decision cannot be taken in good faith.

**II.   Discussion**

Plaintiff has been granted *in forma pauperis* status.  Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law.  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).  A *pro se* civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988).  Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that Plaintiff's § 1983 complaint is subject to dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b) for failure to state a claim upon which relief may be granted.

A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment.  *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).  In this case,

however, it is clear that Plaintiff is actually seeking habeas corpus relief, inasmuch as his complaint addresses the validity of his imprisonment. Ruling on the claims raised would necessarily imply the invalidity of his continued confinement. Such claims are not properly brought under 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his conviction or imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254); *Schilling v. White*, 58 F.3d 1081, 1085 (6th Cir. 1995). *Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner''s suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *see also Heck*, 512 U.S. at 487-89. Given that Plaintiff challenges the basis for his confinement, he has failed to state a claim under § 1983 and his complaint must be dismissed.

**III.   Conclusion**

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted in this civil rights action. Accordingly, the Court **DISMISSES** his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). Additionally, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in

good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962);

*McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

  **IT IS SO ORDERED.**

          s/Gerald E. Rosen
          Chief Judge, United States District Court

Dated:  January 30, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 30, 2009, by electronic and/or ordinary mail.

          s/LaShawn R. Saulsberry
          Case Manager